UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY SAFFORD; | ) | |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Kennelly |
| | ) | Magistrate Mason |
| | ) | |
| THE CITY OF CHICAGO, | ) | |
| A Municipal Corporation; and | ) | |
| Chicago Police Officers | ) | |
| DUANE GORDON, Star 5977; | ) | Jury Demand |
| PHYLLIS GILL, Star 1564; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages bought pursuant to 42 U.S.C. § 1983, and under the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343. Jurisdiction for Plaintiff's state claims are based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Defendants Chicago police officers are duly appointed and sworn City of Chicago police officers. At all times material to this complaint, the Defendant-Officers were acting in the course and scope of their employment and under color of state law, ordinance and/or regulation.

5. The Defendant-Officers are sued in their individual capacities.

1

6. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the of the State of Illinois, and is the employer and principal of the Defendant-officers.

**Facts**

7. On or about June 11, 2005, at about 7:12 a.m., in the City of Chicago, Plaintiff ANTHONY SAFFORD was driving a vehicle on Honore in a southerly direction approaching 77th Street.

8. Plaintiff's seven-year-old nephew, Marquis Safford, was a passenger in the vehicle.

9. Honore ran generally in a north and south direction in the City of Chicago.

10. South bound traffic on Honore had no stop sign, stop light, yield or any other restriction at the intersection with 77th Street.

11. At the same date, time and place, Defendant-Officer DUANE GORDON was driving a Chicago police car in a in a westerly direction on 77th Street.

12. 77th Street ran generally in an east and west direction in the City of Chicago.

13. West bound traffic on 77th Street approaching Honore had a stop sign at its intersection with Honore.

14. South bound traffic on Honore at or near the intersection with 77th Street had the right of way over west bound traffic on 77th Street at the intersection of the two roads.

15. Plaintiff's vehicle had the right of way on Honore over west bound 77th Street traffic approaching Honore.

16. When Defendant GORDON was traveling westbound on 77th Street approaching the intersection of 77th Street and Honore, Defendant GORDON was talking on his cellular telephone.

17. Defendant GORDON failed to stop for the stop sign on 77th Street.

18. Defendant GORDON's failure to stop caused his police car to hit the Plaintiff's vehicle in the intersection of 77th Street and Honore.

19. Defendant GORDON did not have his emergency lights activated when he ran the stop sign on 77th.

20. While driving his police car west bound on 77th Street, Defendant GORDON was required to stop and yield the right of way to south bound traffic on Honore.

21. Defendant GORDON owed Plaintiff and all other south bound traffic on Honore the duty to stop and yield the right of way in accord with the traffic laws and regulations of the City of Chicago and the State of Illinois.

22. Defendant GORDON operated his vehicle wilfully and wantonly, negligently, carelessly and recklessly, and in violation of the laws and regulations of the City of Chicago and the State of Illinois, and was guilty of one or more of the following wilful and wanton, negligent, reckless, and/or careless acts or omissions, which caused a crash of Plaintiff's vehicle and Defendant GORDON's vehicle:

    a. Failed to obey a stop sign;

    b. Failed to yield right of way;

    c. Failed to maintain a proper lookout;

    d. Failed to maintain proper control of his vehicle;

    e. Failed to take action to avoid an accident;

    f. Failed to brake properly to avoid an accident;

    g. Otherwise operated his vehicle in a wilful and wanton, careless, negligent or reckless manner.

23. After the accident, Defendant GORDON and his partner Andrew Scudella, Star 16384, exited their vehicle and talked with each other.

24. At no point did Defendant GORDON check to see if Plaintiff, or Plaintiff's seven year-old nephew, had been hurt in the accident or were otherwise alright.

25. Approximately 10-15 minutes after the accident, Defendant GORDON approached Plaintiff and asked Plaintiff where he was going so early in the morning.

26. Plaintiff informed Defendant GORDON that he was on his way home from work and had just picked up his nephew.

27. At about this time, Defendant-Officer GILL arrived on the scene.

28. Upon information and belief, Defendant GILL radioed for another Chicago police car to come to the scene to prepare an accident report.

29. A short time thereafter, officer Marjorie Garcia, star 5511, arrived on the scene and prepared an Illinois Traffic Crash Report, and gave it to Plaintiff. (See Exhibit 1, Illinois Traffic Crash Report, No.: 6934778.)

30. At about this time, Defendant GILL was talking with Defendant GORDON and officer Andrew Scudella.

31. In an attempt to avoid liability and potential adverse consequences for the automobile accident, Defendant GORDON falsely claimed that Plaintiff negligently and illegally drove into the intersection at 77th and Honore and struck Defendant GORDON's car.

32. Defendant GORDON gave a false and incomplete version of the accident in order to cover up his own misconduct.

33. Defendant GILL told officer Garcia to issue Plaintiff a traffic citation and prepare an Illinois Traffic Crash Report.

4

34. Officer Garcia informed Defendant GILL that she had already prepared an Illinois Traffic Crash Report.

35. Defendant GILL ordered officer Garcia to prepare a different Illinois Traffic Crash Report, and to issue Plaintiff a traffic citation.

36. Officer Garcia prepared another Illinois Traffic Crash Report and gave it to Plaintiff. (See Exhibit 2, Illinois Traffic Crash Report, No.: 1647123.)

37. Officer Garcia also issued Plaintiff a traffic citation, #TG-107-700, for alleged failure to yield, in violation of MCC 9-24-040(a). (See Exhibit 3.)

38. On the Illinois Traffic Crash Report, No.; 1647123, Officer Garcia wrote: "Per order of Sgt. Gill Bt 620, Unit #1 was issued traffic citation #TG 107-700." (See Exhibit 2.)

39. After he was allowed to leave the scene, Plaintiff later sought medical attention at University of Chicago Hospitals located at 1122 Paysphere Circle, Chicago, Illinois.

40. On July 15, 2005, Plaintiff's traffic citation was dismissed.

41. As a direct and proximate result of the acts of the Defendant-Officers described above, Plaintiff has suffered and continues to suffer great damages including personal injury, pain and suffering, property damage, medical expenses, emotional distress, and other nonpecuniary losses.

## COUNT I
### 42 U.S.C. § 1983, Substantive Due Process
### Egregious Abuse of Government Power

42. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

43. Defendant GORDON instituted a case against Plaintiff for failure to yield even though there was not probable cause for such a charge.

5

44. Defendant GORDON brought these charges against Plaintiff to cover up his own misconduct and attempt to shield himself from liablity.

45. The case brought against Plaintiff was dropped after Defendant GORDON did not even appear in court.

46. Defendant GORDON did not show up to further pursue the false charges because, among other reasons, he knew that the charges against Plaintiff were fabricated and completely baseless.

47. Defendant GORDON brought the false charges against Plaintiff with malice and with a reckless indifference to Plaintiff's rights in order to attempt to protect himself from potential liability and adverse consequences based upon his negligence and illegal driving which caused the accident.

48. Defendant GORDON gave a false and incomplete version of the accident in order to cover up his own misconduct.

49. The actions of Defendant GORDON in instituting charges against Plaintiff for failure to yield was in violation of Plaintiff's Fourteenth Amendment right to due process.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant;

b) Award compensatory and punitive damages to Plaintiff against said Defendant, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1983, Civil Conspiracy

50. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

51. Defendants GORDON and GILL acted together and in agreement in furtherance of depriving Plaintiff of his Constitutional right to due process.

52. Defendants GORDON and GILL acted together and in agreement in furtherance of the conspiracy by issuing Plaintiff a traffic citation for failure to yield when they knew that Plaintiff was completely innocent of such charges and the accident was the fault of Defendant GORDON's negligence and illegal operation of his police car.

53. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award compensatory and punitive damages to Plaintiff against said Defendant-Officers, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
## 42 U.S.C. § 1983, Malicious Prosecution

54. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

55. Defendant GORDON instituted a case against Plaintiff for failure to yield even

7

though there was not probable cause for such a charge.

56. The charges were dropped in court because Defendant GORDON did not even show up.

57. Defendant GORDON did not show up to further pursue the false charges because, among other reasons, he knew that the charges against Plaintiff were fabricated and completely baseless.

58. Defendant GORDON brought the false charges against Plaintiff with malice and with a reckless indifference to Plaintiff's rights in order to attempt to protect himself from potential liability and adverse consequences based upon his negligence and illegal driving which caused the accident.

59. Defendant GORDON gave a false and incomplete version of the accident in order to cover up his own misconduct.

60. The actions of Defendant GORDON in instituting charges against Plaintiff for failure to yield was in violation of Plaintiff's Fourteenth Amendment right to due process.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant;

b) Award compensatory and punitive damages to Plaintiff against said Defendant, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.


## COUNT IV
## 42 U.S.C. § 1983, Abuse of Process

61. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

62. In a scheme to attempt to avoid liability for the automobile accident, Defendant GORDON falsely claimed that Plaintiff illegally failed to yield and drove into the intersection at 77th Street and Honore and struck Defendant GORDON's car.

63. Defendant GORDON used the legal process of bringing charges against the Plaintiff, not because Plaintiff had committed the crime charged, but instead because Defendant GORDON thought that by charging Plaintiff he would avoid potential adverse consequences against himself for illegal driving, and causing a car accident by crashing his police car into a vehicle occupied by civilians.

64. Defendant GORDON brought the false charges against Plaintiff with malice and with a reckless indifference to Plaintiff's rights.

65. The action of Defendant GORDON in instituting charges against Plaintiff for violating a city ordinance, "failure to yield," was an abuse of legal process in violation of Plaintiff's Fourteenth Amendment right to due process.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant;

b) Award compensatory and punitive damages to Plaintiff against said Defendant, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### Supplementary State Law Claim for Personal Injury Motor Vehicle

66. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

67. Defendant GORDON's wilful and wanton, negligent, careless or reckless actions caused a crash between Plaintiff's vehicle and Defendant's vehicle, which caused property damage and totaled the van operated by Plaintiff; caused bodily injury to Plaintiff; caused Plaintiff to incur medical expenses and treatment; caused Plaintiff pain, suffering, discomfort in the past and is reasonably likely to cause Plaintiff pain, suffering or discomfort in the future, and otherwise caused injury to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff against Defendant GORDON, as determined at trial;

b) Award compensatory damages to Plaintiff against Defendant GORDON, as determined at trial;

c) Award Plaintiff costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### Supplementary State Law Claim for Malicious Prosecution

68. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

69. Defendant GORDON instituted a case against Plaintiff for failure to yield even though there was not probable cause for such a charge.

70. The charges were dropped in court because Defendant GORDON did not even

10

show up.

71. Defendant GORDON did not show up to further pursue the false charges because, among other reasons, he knew that the charges against Plaintiff were fabricated and baseless.

72. Defendant GORDON brought the false charges against Plaintiff with malice and with a reckless indifference to Plaintiff's rights in order to attempt to protect himself from potential liability and adverse consequences based upon his negligence and illegal driving which caused the accident.

73. The actions of Defendant GORDON in instituting charges against Plaintiff for failure to yield was in violation of Plaintiff's Fourteenth Amendment right to due process.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff against said Defendant;

b) Award compensatory damages to Plaintiff against said Defendant, as determined at trial;

c) Award Plaintiff costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### Supplementary State Law Claim for Abuse of Process

74. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

75. In a scheme to attempt to avoid liability for the automobile accident, Defendant GORDON falsely claimed that Plaintiff illegally failed to yield and drove into the intersection at 77th Street and Honore and struck Defendant GORDON's car.

76. Defendant GORDON used the legal process of bringing charges against the Plaintiff not because Plaintiff had committed the crime charged, but instead because Defendant GORDON thought that by charging Plaintiff he would help avoid potential adverse consequences against himself for illegal driving, and causing a car accident by crashing his police car into a vehicle occupied by civilians.

77. Defendant GORDON brought the false charges against Plaintiff with malice and with a reckless indifference to Plaintiff's rights.

78. The action of Defendant GORDON in instituting charges against Plaintiff for violating a city ordinance, "failure to yield," was an abuse of legal process in violation of Plaintiff's Fourteenth Amendment right to due process.

79. The above acts were done willfully and wantonly, and were the direct and proximate cause of Plaintiff's injuries, as described above.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff against said Defendant;

b) Award compensatory damages to Plaintiff against said Defendant, as determined at trial;

c) Award Plaintiff costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
## State Claim for Respondeat Superior

80. The acts of the Defendant-Officers described in the supplementary state law claims specified above, were willful and wanton, and committed in the scope of their employment. Therefore, as principal, the Defendant CITY OF CHICAGO is liable for its agents' actions under the doctrine of respondeat superior.

WHEREFORE, Plaintiffs demand judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IX
## Indemnification Claim pursuant to 745 ILCS 10/9-102

81. At all times material to this Complaint, Defendant-Officers were employees of Defendant CITY OF CHICAGO.

82. The above-described acts of Defendant-Officers were willful and wanton.

83. The above-described acts of Defendant-Officers were committed in the scope of their employment.

84. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of Defendant-Officers.

WHEREFORE, Plaintiff ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify Defendant-Officers, for any judgment entered in this case arising from the actions of Defendant-Officers.

**Plaintiffs demand trial by jury on all counts.**

                    Respectfully submitted,

                    \s\ Lawrence V Jackowiak
                    LAWRENCE V. JACKOWIAK
                    Attorney for the Plaintiff

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
33 North LaSalle Street - Suite 2700
Chicago, Illinois 60602
(312) 795-9595
Attorney No.: 6231003